UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET PALMER-CARRI,<br><br>Plaintiff,<br><br>v.<br><br>MAPLEWOOD POLICE DEPT., et al,<br><br>Defendants. | Civ. No. 2:13-02796 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of Defendant State of New Jersey to dismiss the Complaint, filed on behalf of itself and the Defendants named as "State Agency-DYFUS," the "NJ Abuse Hotline," and "State of NJ Courts." After reviewing the Complaint, I cannot discern a valid claim for relief against any of the named Defendants. Further, the Plaintiff is barred by sovereign immunity from asserting her claims against the State of New Jersey and its entities. Accordingly, and for the reasons discussed below, the Defendants' Motion to Dismiss is granted.

I.  **Background**

On April 26, 2013, the *pro se* plaintiff, Janet Palmer-Carri, filed a Complaint against the Maplewood Police Department, the State of New Jersey, the Essex County Police, the Union County Police Department, the "State of NJ Courts," "NJ Abuse Hotline," "State Agency-DYFUS/ Maplewood" (presumed to be the Division of Youth and Family Services, now called the Division of Child Protection and Permanency, hereinafter "DYFS"), and "Federal Postal

1

Employee." Compl., Docket No. 1. On August 22, 2013, the State of New Jersey filed a Motion to Dismiss the Complaint in lieu of an answer on behalf of the entities pleaded as State of NJ, State Agency-DYFS, NJ Abuse Hotline, and State of NJ Courts. (Docket No. 9). No other parties responded to the Complaint. Palmer-Carri did not respond to the Motion to Dismiss, but instead filed a Request for Default against the Defendants on September 24, 2013. (Docket No. 12).

Palmer-Carri claims that the Defendants violated her civil rights and caused her personal injury. Compl. at 1. According to the Complaint, Defendants forced medication on her, unlawfully held her in custody, held her in "psychiatric jail" for 80 days, tampered with her medical records, prevented her from seeking legal assistance or filing police reports, took her son from her care, damaged her home, left her pet cat to die, and illegally monitored her phone and home. *Id.* at 1-2. Palmer-Carri, who alleges she is a "disabled veteran," claims that these acts were committed against her because of her race, faith, and disability. *Id.* at 2.

There are no specific dates in the Complaint to identify when these acts allegedly took place. The only timeframe provided is Palmer-Carri's claim that she notified the "Police and FBI" that she was being victimized during Hurricane Sandy. *Id.*

The Complaint pleads no specific statutes or causes of action. Palmer-Carri does not allege with specificity any factual allegations against specific Defendants. Palmer-Carrie generally alleges violations of her civil rights by state and municipal entities, and she seeks money damages for her injuries. *Id.* at 2 (seeking $150,000,000). I will assume that Palmer-Carrie intends to state a claim under 42 U.S.C. § 1983, which provides a cause of action for damages

2

against state actors for violations of the rights and privileges secured by the Constitution and laws of the United States.[1]

## II. Discussion

The State of New Jersey moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and also asserts sovereign immunity. (Docket No. 9-2 at 4-9). In the interest of judicial economy, I will consider the motion to dismiss as it applies to all Defendants.

### A. Subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)

The State's Motion asserts that the Eleventh Amendment protects the State and its agencies from suit. *Id.* at 6. The Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900, 906-07, 79 L.Ed.2d 67 (1984)). Accordingly, the State's motion, insofar as it asserts sovereign immunity, may properly be considered a motion to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan*

---

[1] Title 42 U.S.C. § 1983 provides in relevant part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

3

*Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. I analyze this motion as a facial challenge, and do not consider extrinsic evidence.

The State argues that it and its agency, DYFS, are protected from suit by sovereign immunity. This argument would also apply to the New Jersey Courts. The Eleventh Amendment to the Constitution guarantees the states' immunity from certain claims: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Despite the seemingly limited scope of its wording, the Eleventh Amendment has long been held to incorporate a more general principle of sovereign immunity that bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *Kelley v. Edison Twp.*, No. 03–4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).

Litigants' claims for deprivations of civil liberties under 42 U.S.C. § 1983 are subject to the sovereign immunity bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Additionally, the protection of the Eleventh Amendment extends to arms of the state—including agencies, departments, and officials—when the state is the real party in interest. *See Pa. Fed'n of Sportsmen's Clubs,*

*Inc. v. Hess*, 297 F.3d 310, 323 (3d. Cir. 2002). To determine whether an entity is an arm of the state, the Court considers three factors: (1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy. *See Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir.1989) (en banc).

Applying these factors, this Circuit has found that both DYFS and the New Jersey state courts are covered by the State's sovereign immunity. *See Howard v. New Jersey Div. of Youth and Family Servs.*, 398 Fed. Appx. 807, 811-812 (3d Cir. 2010) (finding DYFS immune from suit under Eleventh Amendment) (not precedential); *Melleady v. Blake*, No. 11-1807, 2011 WL 6303245 at *13, 16-17 (D.N.J. 2011) (applying Eleventh Amendment and statutory immunity under New Jersey law to claims for money damages against DYFS); *Chisolm v. McManimon*, 275 F.3d 315, 323-34 (3d Cir. 2001) (distinguishing between state court covered by sovereign immunity, and county court prior to unification of New Jersey Court system); *Johnson v. State of N.J.*, 869 F. Supp. 289, 296-97 (D.N.J. 1994) (state judicial branch is "arm" of the state).

If Palmer-Carri stated a cognizable Constitutional claim against the State, her claim would arise under 42 U.S.C. § 1983. Under Section 1983, however, the State, DYFS, and the New Jersey Courts are protected by sovereign immunity and are not proper defendants. *Hess*, 297 F.3d at 323; *Howard*, 398 Fed. App'x at 811. The Court does not have valid subject matter jurisdiction over these parties. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1), Palmer-Carri's claims against the State of New Jersey, the New Jersey Div. of Youth and Family Services, and the State of New Jersey Courts will be dismissed with prejudice.

## B. Failure to state a claim under Fed. R. Civ. P. 12(b)(6)

In addition, and in the alternative, the State's Motion invokes Fed. R. Civ. P. 12(b)(6), which provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. To state a valid claim for relief, the Complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed R. Civ. P. 8(a).

The Defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in favor of the Plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

In a case brought *pro se* such as this one, the Court must construe the Complaint liberally in favor of the plaintiff. *Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *See Millhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

I find that the Complaint fails to state a claim against any of the Defendants. Even under the most liberal construction of the complaint, Palmer-Carri has failed to allege facts sufficient to support a cognizable claim. *See generally Haines*, 404 U.S. at 520-21. Although Palmer-Carri relates various hardships she has encountered, she does not tie them to any particular statute or cause of action. *See* Compl. at 1-2. For the purposes of this Opinion, I assume that Palmer-Carri's claims arise under 42 U.S.C. § 1983. Even so, the Complaint is so bereft of any specific allegations that it cannot be sustained. No dates, times or places are given. No specific act is attributed to a specific defendant.

Palmer-Carri's Complaint fails to state a claim for which relief can be granted. Therefore, the Complaint will be dismissed in its entirety, albeit without prejudice to the filing of an amended complaint that states her claims with more specificity.

### C. Conclusion

For the foregoing reasons,

1. I **GRANT** the State of New Jersey's Motion to Dismiss the Complaint as to the State, DYFS, and the New Jersey court system, pursuant to Fed. R. Civ. P. 12(b)(1), based on sovereign immunity. Because amendment would be futile as to this jurisdictional defect, this Rule 12(b)(1) dismissal is with prejudice.
2. I **GRANT** the motion to dismiss the Complaint as to the remaining Defendants for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For clarity, this 12(b)(6) dismissal would apply to all Defendants, but it is moot as to the State, DYFS, and the New Jersey Court system, because the Court has found that it lacks jurisdiction over the claims against them. As to the remaining Defendants, however, this 12(b)(6) dismissal is without prejudice.

3. Plaintiff's request for entry of default is denied because the Complaint does not state a viable claim.

An appropriate Order will be filed.

_____
**Kevin McNulty**
**United States District Judge**

Dated: October 9, 2013